DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Brandon Robinson, who is registered as a habitual sex offender under R.C. 2950.01(B)(2)(a), appeals his conviction for failure to register his change of address with the Erie County Sheriff as required by R.C. 2950.05(A), a felony of the fourth degree.
 {¶ 2} On November 8, 2006, the Erie County Grand Jury indicted appellant on one count of failure to register his new address. Subsequently, on February 28, 2007, the Erie County Court of Common Pleas held a hearing on the charge in the indictment. At that *Page 2 
time, appellant withdrew his plea of "not guilty" to the violation of R.C. 2950.01(B)(2)(a) and entered a plea of "guilty." In addition, appellant waived his right to a hearing on an alleged probation violation and agreed to an immediate combined sentencing hearing on both the conviction for failure to register and the probation violation. On March 1, 2007, the trial court sentenced appellant to 11 months in prison for the violation of R.C. 2950.01(B)(2)(a), to be served consecutive to the sentence imposed for the probation violation.
 {¶ 3} Appellant timely appealed his convictions and was appointed counsel for the purposes of that appeal. Appellant's counsel, however, submitted a motion to withdraw pursuant to Anders v. California (1967),386 U.S. 738. See, also, State v. Duncan (1978), 57 Ohio App.2d 93. Under Anders, if counsel, after a conscientious examination of the case, determines it to be wholly frivolous, he or she must advise the court of the same and request permission to withdraw. Id. at the syllabus. This request must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his or her client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id.
 {¶ 4} Once these requirements are satisfied, the appellate court is required to conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. Id. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating any constitutional requirements. Id. at 744. On the other hand, if an appellate court finds that *Page 3 
any of the legal points are colorable on their merits, the court must, prior to rendering any judgment, "afford the indigent the assistance of counsel to argue the appeal." Id. See, also, Penson v. Ohio (1988),488 U.S. 75, 84.
 {¶ 5} In the case before us, appointed counsel for appellant satisfied the requirements set forth in Anders. Appointed counsel sets forth the following arguable assignments of error:
 {¶ 6} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT IMPOSED THE AGREED SENTENCE UPON THE DEFENDANT/APPELLANT.
 {¶ 7} "II. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
 {¶ 8} "III. WHETHER THE TRIAL COURT COMMITTED ERROR WHEN IT IMPOSED CONSECUTIVE SENTENCES UPON THE APPELLANT."
 {¶ 9} After appointed counsel sent appellant a copy of his brief and notified him of his intent to withdraw from this cause, appellant raised the following possible assignment of error for our consideration:
 {¶ 10} "The purpose of Appellant's appeal was to request this Appeal [sic] Court to eliminate the consecutive sentence imposed on February 28, 2007, and to impose a concurrent sentence for the following reasons: REASONS FOR A CONCURRENT SENTENCE."
 {¶ 11} We shall now proceed with an examination of any arguable assignments of error set forth by counsel for appellant, an examination of appellant's possible assignment *Page 4 
of error, if necessary, and an examination of the entire record below, in order to determine whether this appeal lacks merit and is, therefore, wholly frivolous.
 {¶ 12} We shall first address possible Assignment of Error No. II. In that assignment, appellant contends that his trial counsel was ineffective because he allowed his client to enter a guilty plea as part of a plea bargain and, therefore, waived all appealable errors that may have occurred at trial, unless the alleged errors prevented appellant from entering a knowing and voluntary plea. In other words, appellant maintains that his trial counsel was ineffective because the waiver of all appealable errors at trial was not based upon a knowing and voluntary guilty plea.
 {¶ 13} The United States Supreme Court devised a two-prong test to determine ineffective assistance of counsel. Strickland v.Washington (1984), 466 U.S. 668, 687. In order to demonstrate ineffective assistance of counsel, an accused must satisfy both prongs. Id. First, the defendant must show that his trial counsel's performance was so deficient that the attorney was not functioning as the counsel guaranteed by the Sixth Amendment of the United States Constitution. Id. Second, he must establish that counsel's "deficient performance prejudiced the defense." Id. The failure to prove any one prong of the Strickland two-part test makes it unnecessary for a court to consider the other prong. State v. Madrigal, 87 Ohio St.3d 378, 389,2000-Ohio-448, citing Strickland at 697. In Ohio, a properly licensed attorney is presumed competent. State v. Smith (1985), 17 Ohio St.3d 98,101, citing Vaughn v. Maxwell (1965), 2 Ohio St.2d 299, 301. *Page 5 
 {¶ 14} A waiver of a defendant's constitutional right to trial must be knowing, intelligent, and voluntary. State v. Engle (1996),74 Ohio St.3d 525, 527. Crim. R. 11 provides, in pertinent part:
 {¶ 15} "(C) Pleas of guilty and no contest in felony cases
 {¶ 16} "(1) * * *.
 {¶ 17} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 18} "(a) * * *.
 {¶ 19} "(b) * * *.
 {¶ 20} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 21} Failure to strictly comply with these constitutional requirements invalidates a guilty plea. State v. Foster, 8th Dist. No. 81309, 2002-Ohio-7072, ¶ 17[1] . *Page 6 
 {¶ 22} At appellant's change of plea hearing, the trial judge first ascertained appellant's name, his age, his education (Appellant attended school through the 11th grade.), and his ability to read and write in English. The judge then asked appellant whether he was under the influence of any drugs, medicine or alcohol. Appellant replied, "No." The court then questioned appellant in order to determine if he understood the nonconstitutional rights he was waiving.
 {¶ 23} Next, the court below engaged in a colloquy with appellant in order to decide whether he understood the constitutional rights that he was waiving by entering a guilty plea. The court's questions to appellant included the following constitutional rights: (1) a right to trial by jury; (2) the right to cross-examine witnesses that would testify against him; (3) the right to have the state of Ohio prove appellant's guilt beyond a reasonable doubt; (4) the right to choose not to testify at trial; (5) the right to bear firearms; and (6) the right, for all practical purposes, to appeal. Appellant indicated that he understood that he was surrendering these rights. Nonetheless, the trial court never asked appellant if he understood that by pleading guilty he was waiving his constitutional right to have compulsory process for obtaining witnesses in his favor.
 {¶ 24} Furthermore, the "Judgment Entry of Plea" signed by appellant does not specify any of the constitutional rights that Robinson was allegedly waiving. It simply contains a box captioned "Guilty FINDING" that is marked with an "X" and reads:
 {¶ 25} "The Court hereby FINDS that this day Defendant, in open court, was advised of all Constitutional Rights and made a KNOWING, INTELLIGENT, AND VOLUNTARY waiver of those rights pursuant to Crim. R. 1l. The Plea is accepted and is *Page 7 
Ordered filed. The Court FINDS defendant GUILTY of each offense to which defendant."
 {¶ 26} Because strict compliance is required when a court determines whether a defendant understands the constitutional rights set forth in Crim.R, 11(C)(2)(c), we conclude that Assignment of Error No. II is an arguable assignment of error. We, therefore, decline to consider appellant's remaining assignments of error at this point in time. Appointed counsel's motion to withdraw from this case is granted. Laura Perkovic, 520 Broadway, 3rd Floor, Lorain, OH, 44052, is hereby appointed to represent appellant in this appeal. Appellant is granted 30 days from the date of this decision to file his assignments of error and brief. It is so ordered.
MOTION GRANTED.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Arlene Singer, J., Concur.
[1] The court must also, under Crim. R. 11(C)(2), inform a defendant of a number of nonconstitutional rights. State v. Nero (1990),56 Ohio St.3d 106, 107. However, substantial compliance is sufficient when determining whether a defendant waived those nonconstitutional rights. Id. at 108. *Page 1